## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ANDREW M. MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:21-CV-343 JAR |
| | ) |
| DR. WILLIAM FRITZ, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Andrew M. Myers for leave to commence this civil action without payment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant plaintiff's motion to proceed in forma pauperis in this action. Additionally, for the reasons discussed below, the Court will order plaintiff to show cause, within twenty-one (21) days of the date of this Memorandum and Order, why this action should not be dismissed for lack of jurisdiction. *See* Fed.R.Civ.P.12(h)(3).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone,* 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff Andrew Myers, a resident of Union, Missouri, filed this action on March 18, 2021. In his civil complaint for damages plaintiff asserts that Dr. William Fritz, his internist of fifteen-plus years, discriminated against him by failing to refer him to specialists to "ascertain the causation of his troubling liver numbers in the lab reports."

Plaintiff asserts that his claims arise under "the United States Civil Rights Statutes"[1] and the Americans with Disabilities Act." He claims that "this is a claim of Disability Discrimination in Medical services by a doctor that lead to actual injury and suffering."

---

[1] Plaintiff does not indicate what "civil rights statutes" he is referring to other than the Americans with Disabilities Act.

Plaintiff asserts that he suffers from Multiple Sclerosis (MS) and alcoholism. He claims that Dr. Fritz was his primary care provider at the Mercy Primary Care Clinic in Washington, Missouri. Plaintiff alleges that Dr. Fritz was aware that plaintiff was an alcoholic, and he was monitoring his liver values with lab reports over the fifteen-plus years he was his primary physician. He asserts that Dr. Fritz attributed the rise in the liver values to plaintiff's alcoholism rather than a potentially fatal disease known as Hemochromatosis. Plaintiff believes that Dr. Fritz "discriminated" against him by failing to see the 'warning signs" of the Hemochromatosis and by failing to refer him to a specialist, and thereby misdiagnosing him, "due entirely to [Dr. Fritz'] own bias against plaintiff for the known alcoholism." Plaintiff asserts that Dr. Fritz should have known that he would be susceptible to Hemochromatosis due to his MS.

Plaintiff acknowledges that Dr. Fritz' failure to diagnose him properly and/or send him to a specialist "does not violate the Constitution but is a tort under state law." Nonetheless, he states that it is a federal matter because the "causation" is discrimination due to the "recognized disability of alcoholism.

Plaintiff seeks over 11 million dollars in damages in this action, including $800,000 in compensatory damages and over 10 million dollars in punitive damages.

## Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

3

Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332.

As noted above, plaintiff states that his lawsuit arises under "the United States Civil Rights Statutes" and the Americans with Disabilities Act." However, a review of plaintiff's claims indicates that § 1331 jurisdiction is inapplicable in this case.

"The ADA is a federal anti-discrimination statute designed '[t]o provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.'" *Delano–Pyle v. Victoria Cty., Tex.,* 302 F.3d 567, 574 (5th Cir. 2002) (quoting *Rizzo v. Children's World Learning Centers, Inc.,* 173 F.3d 254, 261 (5th Cir. 1999)). Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation. 42 U.S.C. § 12182(a). Specifically, it states: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

"Generally, '[a] person alleging discrimination under Title III must show (1) that he is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, (3) that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability, and (4) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation.'" *Abeyta v. Stonecrest Med. Ctr.,* No. 3:18-CV-0386, 2018 WL 3472820, at *3 (M.D. Tenn. July 18, 2018) (Title III authorizes only injunctive

relief, not monetary damages, to successful plaintiffs) (quoting *Amir v. St. Louis Univ.,* 184 F.3d 1017, 1027 (8th Cir. 1999)).

Even when drawing all inferences in plaintiff's favor, the record shows no evidence establishing that Dr. Fritz excluded plaintiff from participating in, or denied benefits of, services, programs or activities at his medical clinic, Mercy Primary Care in Washington, Missouri; and that such exclusion was due to discrimination on account of plaintiff's purported disabilities. If anything, plaintiff asserts that he underwent routine physical examinations and liver testing on a regular basis from defendant Dr. Fritz.

At best, plaintiff's allegations in his ADA claim appear to reiterate those from his medical malpractice claim, essentially contending that Dr. Fritz was negligent in treating him for his alleged Hemochromatosis. However, when a plaintiff's core complaint is incompetent treatment for his medical condition, such a complaint does not state a claim for relief under the ADA because the ADA does not create a remedy for medical malpractice. *Brown v. Wilson*, 5:10-CV-181-C, 2012 WL 6719464, at *3 (N.D. Tex. Dec. 27, 2012) (quoting *Moore v. Prison Health Services, Inc.,* 24 F.Supp.2d 1164, 1168 (D. Kan. 1998); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (Posner, J.); *see also Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1144 (10th Cir. 2005) (noting that "[s]everal circuits have expressly concluded that neither the ADA nor the [RA] provide remedies for alleged medical negligence"); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005) ("The [RA], like the ADA, was never intended to apply to decisions involving the termination of .... medical treatment."); *Grzan v. Charter Hosp. of Northwest Indiana*, 104 F.3d 116, 121, 123 (7th Cir. 1997) (affirming district court's dismissal under Fed. R. Civ. P. 12(b)(6) of [RA] claim because "[the RA, which is 'materially identical to the ADA'] does not provide a federal malpractice tort remedy" and allegations of discriminatory

medical treatment do not fit into the 4–element framework required under the RA); *United States v. Univ. Hosp., State of New York*, 729 F.2d 144, 156–57 (2d Cir.1984) (noting that "the phrase ['otherwise qualified'] cannot be applied in the comparatively fluid context of medical treatment decisions without distorting its plain meaning" and "[w]here the handicapping condition is related to the condition(s) to be treated, it will rarely, if ever, be possible to say with certainty that a particular decision was 'discriminatory.'").

Just as there does not appear to be federal question jurisdiction in this action, there also does not appear to be jurisdiction under 28 U.S.C. § 1332. Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000. It does not appear that diversity jurisdiction exists here because both parties, plaintiff and defendant appear to be Missouri residents.[2] As a result, the Court will order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.[3]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

---

[2]Plaintiff indicates that he is a resident of the State of Missouri. Although he has not identified where defendant actually resides, he has identified that defendant works at a clinic in Washington, Missouri. The Court presumes, therefore, that defendant also resides in the States of Missouri.

[3]Plaintiff's medical malpractice claim also suffers from the lack of an accompanying health care affidavit. Plaintiff was required to file a health care affidavit within thirty (30) days of the date of filing the complaint against defendant Fritz attesting to the merits of his action. Mo. Rev. Stat. § 538.225 (2000), *Devitre v. Orthopedic Ctr. of St. Louis, LLC*, 349 S.W.3d 327, 331 (Mo. 2011) (en banc). Plaintiff should also be aware that his malpractice action could be subject to the two-year statute of limitations for bringing such claims in Missouri. *See* Mo.Rev.Stat.§ 516.105.

**IT IS FURTHER ORDERED** that within twenty-one (21) days of the date of this Memorandum and Order, plaintiff must show cause why this action should not be dismissed for lack of jurisdiction. *See* Fed.R.Civ.P.12(h)(3).

**IT IS FURTHER ORDERED** that plaintiff's failure to timely comply with this Order will result in the dismissal of this action, without prejudice and without further notice.

Dated this 26th day of October, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

7